UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA PAZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> Commissioner of Social ) <br> Security, ) <br> ) <br> Defendant. ) <br> _____) | 1:05-cv-00482-OWW-SMS <br><br> **FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS** (Doc. 7) |

Plaintiff is proceeding with counsel in an action seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's application for benefits.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(15).

Plaintiff filed the complaint on April 12, 2005 (doc. 1), and paid the filing fee (doc. 3); thus, service was plaintiff's obligation.  On April 13, 2005, the Court issued and served a Scheduling Order (doc. 5) directing that the complaint be served within twenty (20) days.  When plaintiff failed to file a proof of service by May 2, 2005, the Court issued an Order to Show Cause on June 10, 2005 (doc. 7), over a month after the service deadline, why the action should not be dismissed for plaintiff's

1

failure to effectuate service, and requiring plaintiff to explain by declaration any cause for plaintiff's failure to effectuate service and to file a proof of service.  To date, plaintiff has not filed any response to the Order to Show Cause, nor a proof of service, nor or a request for an extension of time.

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case."  <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  <u>See</u>, <u>e.g</u>. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

//

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's Order to Show Cause expressly stated that, "Plaintiff's is herein advised that the failure to respond to this Order will result in a Recommendation that the action be dismissed." Thus, plaintiff has received adequate warning that dismissal would result from noncompliance with the Court's order.

1    Accordingly, the Court HEREBY RECOMMENDS that this action be
2 DISMISSED, without prejudice, pursuant to Local Rule 11-110 for
3 plaintiff's failure to prosecute this case and failure to comply
4 with the Court's orders.
5    These Findings and Recommendation are submitted to the
6 United States District Judge assigned to the case, pursuant to
7 the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen**
8 **(15) days** after being served with these Findings and
9 Recommendation, any party may file written objections with the
10 court and serve a copy on all parties.  Such a document should be
11 captioned "Objections to Magistrate Judge's Findings and
12 Recommendation."  Any reply to the objections shall be served and
13 filed within ten days after service of the objections.  The
14 parties are advised that failure to file objections within the
15 specified time may waive the right to appeal the District Court's
16 order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18 IT IS SO ORDERED.

19 **Dated:   July 6, 2005**              /s/ Sandra M. Snyder
   icido3                          UNITED STATES MAGISTRATE JUDGE

4